Agnes A. DANZL, Appellee,

v.

NORTH ST. PAUL–MAPLEWOOD–OAK-DALE INDEPENDENT SCHOOL DISTRICT NO. 622; Dr. Carl Midjass, individually and in his capacity as Director, Personnel and Management Services for North St. Paul-Maplewood-Oakdale Independent School District No. 622; Dr. Richard St. Germain, individually and in his capacity as Director of Secondary Education for North St. Paul-Maplewood-Oakdale Independent School District No. 622; North St. Paul-Maplewood-Oakdale Independent School District No. 622 School Board; Bette Jayne Haak, individually and in her capacity as School Board member; T. Geron Bell, individually and in his capacity as School Board member; Bruce L. Beck, individually and in his capacity as School Board member; William Lester, individually and in his capacity as School Board member; G. Paul Sandberg, individually and in his capacity as School Board member; Charles W. Wiger, individually and in his capacity as School Board member; and Robert Hansen, individually and in his capacity as School Board member, Appellants.

No. 81–1020.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1981.

Decided Nov. 12, 1981.

Peterson, Popovich, Knutson & Flynn by Thomas M. Sipkins (argued), Peter S. Popovich, St. Paul, Minn., for appellants.

Oakes & Kanatz by Judith L. Oakes (argued), Viola M. Kanatz, St. Paul, Minn., for appellee.

Before LAY, Chief Judge, and HEANEY, BRIGHT, ROSS, STEPHENSON, HENLEY, McMILLIAN, and ARNOLD, Circuit Judges, en banc.

PER CURIAM.

Agnes A. Danzl brought this action against the defendant school district claiming it had declined to hire her as a high-school principal because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The District Court entered judgment for plaintiff, and the school district appealed. A panel of this court, one judge dissenting, affirmed the District Court. *Danzl v. North St. Paul-Maplewood-Oakdale Independent School District No. 622*, 25 F.E.P. Cases 296 (8th Cir. 1981).

The principal question urged before the panel by defendants was whether the District Court, after holding that a prima facie case had been made out by the plaintiff (a holding not now in dispute), erred in imposing on defendants too great a second-stage burden. The District Court summarized its holding on this point as follows: "Defendants have failed to meet their burden to provide a legitimate non-discriminatory reason for the rejection of the plaintiff." *Danzl v. North St. Paul-Maplewood-Oakdale Independent School District No. 622*, 25 F.E.P. Cases 291, 296 (D.Minn.1980). The panel took the view that in thus phrasing its conclusion the District Court might have transgressed the holding in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), that a defendant, in order to meet its second-stage burden, need only produce evidence that it had been motivated by a legitimate, nondiscriminatory reason. It need not prove that such a reason existed, in the sense of persuading the trier of fact. The burden of persuasion remains at all times on the plaintiff. The panel nevertheless affirmed the judgment in favor of

plaintiff. It was of the opinion that the District Court's findings and conclusions, when read as a whole, had determined that plaintiff had in fact borne her burden of persuading the trier of fact that the reasons given by defendants for rejecting her were pretextual. This finding, the panel believed, was not clearly erroneous.

 Thereafter, the Court granted defendants' petition for rehearing en banc. Supplemental briefs were filed, and oral argument took place before the full bench. The Court has reconsidered the matter fully and is now of the opinion that the District Court erred when it required defendants to "meet their burden to provide," instead of merely to "articulate," a legitimate, nondiscriminatory reason for not hiring plaintiff. We think the District Court's formulation is inconsistent with what we now, after *Burdine*, know to be the law. We hold that defendants did in fact articulate a legitimate, nondiscriminatory reason for their action—that is, that Dr. Danzl was not hired because the successful applicant, a man, had been a school principal in the past, and because some checks turned up unfavorable comments about Dr. Danzl. The question remains, of course, whether these reasons, though legitimate and nondiscriminatory on their face, were merely pretexts to cloak what was in fact an impermissible motive. The Court is in doubt whether the District Court actually reached that question. Its findings and conclusions do not explicitly deal with the question of pretext. In this situation, the Court believes the fairest course is to reverse the judgment below and remand the cause for further proceedings on the question of pretext, on which, of course, plaintiff has the burden of persuasion. On remand, the District Court is directed to give both sides an opportunity to introduce additional evidence on this remaining issue. It will then make explicit findings and conclusions on the question of pretext and enter a new judgment accordingly. Each side will bear its own costs on this appeal.

Reversed and remanded with instructions.

ROSS, Circuit Judge, dissenting.

I dissent only from the view of the majority that a remand is necessary in this case.[1] Dr. Danzl was given the opportunity to present rebuttal evidence at trial and did so. Following all the evidence, the district court made the following statement during the school district's closing argument:

THE COURT: You've got to start this way: I don't think anybody did anything wrong intentionally. So, you know, the motive and—you know, nobody was out to "get" anybody.

I just look at what did happen, you see, procedurally as to what happened, and how it worked out.

That is what I am more interested in.

The district court's memorandum opinion held that the school district "did not maliciously discriminate against Dr. Danzl."

Dr. Danzl has been given a "full and fair opportunity to demonstrate pretext." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 255, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). Furthermore, the district court judge's own statements reflect his view that no intentional discrimination had been demonstrated. For these reasons and for the reasons set forth in my amended dissent, a remand to the district court is unnecessary. I would reverse with directions to dismiss the complaint. Judges Bright and Stephenson concur in this dissent.

---

1. The original panel opinion and my accompanying dissent in this case were filed March 6, 1981. On June 23, 1981, an amended panel opinion and accompanying amended dissent was filed.